# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
KATTY VALLE, IVANIA RAMIREZ, JANET RAMIREZ, and ZENEYDA BALTODANO

**DEFENDANTS**
ALLSTATE INSURANCE COMPANY, an Illinois Corp., and DOES 1 to 20

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Mateo
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Cynthia L. Mellema (State Bar No. 122798)
Megan Dunham (State Bar No. 245991)
Sonnenschein Nath & Rosenthal LLP
2121 N California Blvd., Suite 800, Walnut Creek, CA 94596
Telephone: (925) 949-2600

*E-filing*

ATTORNEYS (IF KNOWN)
Leandro H. Duran (State Bar No. 121847)
Law Office Of Leandro H. Duran
1035 Carleton Street, Berkeley, CA 94710
Telephone: (510) 540-1046

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** *[PLACE AN "X" IN ONE BOX ONLY]*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury -Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights
- [ ] 445 Amer w/ disab - Empl
- [ ] 446 Amer w/ disab - Other

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Petition to compel arbitration and complaint for breach of covenant of good faith and fair dealings.

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   [X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE
March 20, 2008

SIGNATURE OF ATTORNEY OF RECORD
*Cynthia L. Mellema*

1  CYNTHIA L. MELLEMA (State Bar No. 122798)
2  MEGAN L. DUNHAM (State Bar No. 245991)
   SONNENSCHEIN NATH & ROSENTHAL LLP
   2121 N California Blvd., Suite 800
3  Walnut Creek, CA  94596
   Telephone: (925) 949-2600
4  Facsimile: (925) 949-2610
   Email:     cmellema@sonnenschein.com
5             mdunham@sonnenschein.com

6  Attorneys for Defendant
   ALLSTATE INSURANCE COMPANY
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  KATTY VALLE, IVANIA RAMIREZ,          No.
    JANET RAMIREZ and ZENEYDA
12  BALTODANO,                            NOTICE OF REMOVAL OF A CIVIL
                                          ACTION
13              Plaintiffs,

14      vs.

15  ALLSTATE INSURANCE COMPANY,

16              Defendants.

17

18      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

19  NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR

20  ATTORNEYS OF RECORD:

21      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant hereby

22  removes to this Court the action described herein and respectfully submits the following

23  statement of grounds for removal:

24                      THE SUPERIOR COURT ACTION

25      1.   On January 17, 2008, an action was commenced in the Superior Court of the State

26  of California for the County of San Mateo, entitled "*Valle et al. v. Allstate Insurance Company,*

27  *and Does 1 through 50, inclusive,*" Case No. CIV 46 9346 (the "Superior Court Action").

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

2.    In the Superior Court Action, plaintiffs seek damages on account of Allstate's alleged failure to arbitrate and pay their claim for underinsured motorist benefits. (Complaint, ¶ 3.) In the Complaint, plaintiffs petition the Court to compel arbitration. Further, plaintiffs assert a cause of action for breach of the implied covenant of good faith and fair dealing for failure to arbitrate, seeking general and punitive damages, attorneys' fees and costs of suit.

<u>SERVICE</u>

3.    Allstate is informed and believes that the Summons and Complaint in the Superior Court Action have not yet been served on Allstate. Attached hereto as Exhibit A are true and correct copies of the Summons, Complaint and Notice of Case Management Conference that were mailed to Bill Gavin, arbitration counsel for Allstate, and Answer. Allstate believes these documents constitute all pleadings and documents on file in the Superior Court Action.

<u>JURISDICTION</u>

4.    Allstate is informed and believes that plaintiff Katty Valle was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen and resident of the State of California.

5.    Allstate is informed and believes that plaintiff Ivania Ramirez was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen and resident of the State of California.

6.    Allstate is informed and believes that plaintiff Janet Ramirez was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen and resident of the State of California.

7.    Allstate is informed and believes that plaintiff Zeneyda Baltodano was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen and resident of the State of California.

8.    Defendant Allstate was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with its principal places of business in the city of Northbrook, Illinois.

9.    Plaintiff and Allstate, accordingly, are citizens and residents of different states.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

AMOUNT IN CONTROVERSY

10.    The amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum. Plaintiff Katty Valle has made a settlement demand for the $100,000 policy limit. Plaintiffs Janet Ramirez and Zeneyda Baltodano have each demanded $12,000. Plaintiff Ivania Ramirez has not yet made a demand. Plaintiffs therefore seek over $124,000 in contract damages.

11.    Additionally, plaintiffs seeks to recover attorney's fees. (Complaint, prayer for relief.) Attorney's fees incurred to compel payment of insurance policy benefits unreasonably withheld are recoverable as an element of damages under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), and therefore must be included in calculating the amount of controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

12.    Plaintiffs also seek an undisclosed amount of punitive damages. (Complaint, prayer for relief.) In calculating the amount in controversy, the Court must consider the punitive damages that may be recovered by plaintiffs if their claim for punitive damages should prevail. *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

ORIGINAL JURISDICTION

13.    The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that plaintiffs and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.    The case is therefore one which Allstate may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446. The removal is effected less than thirty days after service of the Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

WHEREFORE, Allstate hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California, San Francisco Division for further proceedings as though it originally had been instituted herein.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1

2    Dated: March 19, 2008

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP


By _____
        CYNTHIA MELLEMA

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

# EXHIBIT A

Feb. 13. 2008  2:17PM    ALLSTATE                                    No. 8685   P. 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
ALLSTATE INSURANCE COMPANY,

**ENDORSED FILED**
SAN MATEO COUNTY

JAN 1 7 2008

Clerk of the Superior Court
By _____ R. Montgomery
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
KATTY VALLE, IVANIA RAMIREZ, JANET RAMIREZ, and
ZENEYDA BALTODANO

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>400 County Center,<br>Redwood City, California, 94063 | CASE NUMBER<br>(Número del Ca **CIV 469346** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
LAW OFFICE OF LEANDRO H. DURAN
1035 Carleton Street , Berkeley CA 94710  (510) 540-1046

| DATE:<br>(Fecha) | JAN 1 7 2008 | JOHN C. FITTON | Clerk, by<br>(Secretario) | MONTGOMERY | , Deputy<br>(Adjunto) |
|---|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

PAGE 2/12 * RCVD AT 2/13/2008 4:20:10 PM [Central Standard Time] * SVR:CHI2KRF01/21 * DNIS:4781 * CSID:9254547473 * DURATION (mm-ss):03-44

Feb. 13. 2008  2:18PM   ALLSTATE                        No. 8685    P. 3

ENDORSED FILED
SAN MATEO COUNTY

JAN 1 7 2008

Clerk of the Superior Court
By  R. Montgomery
        DEPUTY CLERK

1  LEANDRO H. DURAN, (SBN 121847)
   LAW OFFICE OF LEANDRO H. DURAN
2  1035 Carleton Street
3  Berkeley, California 94710
   Telephone (510)540-1046
4  Facsimile (510)540-1036

5  Attorney for Petitioners KATTY VALLE, IVANIA RAMIREZ,
6  JANET RAMIREZ, and ZENEYDA BALTODANO

7

8                 SUPERIOR COURT OF CALIFORNIA,

9                    COUNTY OF SAN MATEO,

10                   UNLIMITED JURISDICTION

11 KATTY VALLE, IVANIA RAMIREZ, JANET      Case No.:   CIV 469346
   RAMIREZ, and ZENEYDA BALTODANO
12                                          PETITION TO COMPEL ARBITRATION AND
              Petitioner(s),                COMPLAINT FOR BREACH OF COVENANT OF
13                                          GOOD FAITH AND FAIR DEALINGS.
14      vs.

15
   ALLSTATE INSURANCE COMPANY,
16               Respondent(s).

17

18

19     Petitioners allege:

20     1. On May 6, 2004 Katty Valle and Allstate Insurance Company entered into a written

21 contract of motor vehicle bodily liability insurance. Pursuant to Insurance Code section 11580.2(b)

22 petitioner is an "insured" and entitled to benefits under the policy.

23     2. The agreement was made in San Mateo County, California.

24     3. On or about September 26, 2006 Katty Valle, Ivania Ramirez, Janet Ramirez, And Zeneyda

25 Baltodano ("Petitioners") made a claim for damages under the uninsured/underinsured motorist

26 provision of the policy. Although the petitioner made a demand for the insurer to begin proceedings

27 to appoint an arbitrator, they (the insurer) failed to begin the process to appoint an arbitrator as to the

28 amount of damages.

PETITION TO COMPEL ARBITRATION AND COMPLAINT FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR

4. Pursuant to the policy, the parties agreed to arbitrate the issue of the claimant's legal entitlement to recovery and the amount of damages.

5. Petitioner filed an action in this court but later dismissed the action without prejudice after respondent Allstate Insurance acting through its legal representative agreed to submit the matter to retired Judge Richard Hodge and an arbitration process.

6. On or about November 16, 2007, petitioners did submit the case to Judge Richard Hodge for an arbitration date. A controversy has arisen regarding the scheduling of the arbitration, discovery, law and motion related matters and respondent refuses to arbitrate.

7. Petitioner has not waived the right to compel arbitration, and does not know of any ground that would permit the revocation of the contract of insurance.

8. The claimant does not have a worker's compensation claim arising from the uninsured motorist incident.

9. Petitioners alleges that the refusal to arbitrate and failure to make underinsured motorist benefits available is done in bad faith thereby constituting a breach of the covenant of good faith and fair dealings. The conduct is despicable, oppressive, and is in wanton disregard of petitioner's rights, thus, fraudulent.

WHEREFORE, petitioner(s) requests that:

1. The Court issue an order compelling the arbitration of this dispute and appointing a neutral arbitrator.

2. That the Petitioners be awarded costs of suit and reasonable attorney fees.

3. That the Petitioner be awarded general damages including punitive damages.

4. That the Petitioners be awarded such other and further relief as the Court may deem proper.

Dated: 1/14/08

LEANDRO H. DURAN
Attorney for Petitioners
KATTY VALLE, IVANIA RAMIREZ, JANET RAMIREZ, and ZENEYDA BALTODANO

PETITION TO COMPEL ARBITRATION AND COMPLAINT FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR

Feb. 13. 2008  2:19PM    ALLSTATE                                    No. 8685   P. 5

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State number, and address): | FOR COURT USE ONLY |
|---|---|
| LEANDRO H. DURAN, (SBN 121847) LAW OFFICE OF LEANDRO H. DURAN 1035 Carleton Street Berkeley, California 94710 TELEPHONE NO.: (510) 540-1046    FAX NO.: ATTORNEY FOR (Name): Valle, Ramirez & Baltodano | **RECEIVED** JAN 1 7 2008 SUPERIOR COURT CIVIL DIVISION |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO,
STREET ADDRESS: 400 County Center,
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, California, 94063
BRANCH NAME:

CASE NAME:
VALLE V ALLSTATE

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **CIV469846** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [✓] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | Real Property | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): DECL RELIEF AND BREACH OF COVENANT GOOD FAITH
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/14/08
LEANDRO H DURAN
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Feb. 13. 2008  2:19PM    ALLSTATE                              No. 8685   P. 8

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>LEANDRO H. DURAN, SBN 121847<br>Law Offices of Leandro H. Duran<br>1035 Carleton St.<br>Berkeley, CA 94710<br>TELEPHONE NO.: (510) 540-1046  FAX NO. *(Optional):* (510) 540-1036<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Katty Valle, Ivania Ramirez, Janet Ramirez, Zeneyda<br>Baltodano | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PLAINTIFF/PETITIONER: Valle, et. al.

DEFENDANT/RESPONDENT: Allstate Ins. Co.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT---CIVIL | CASE NUMBER:<br>CIV 469346 |
|---|---|

TO *(insert name of party being served):* Allstate Insurance Co.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 6, 2008

LEANDRO H. DURAN
_____           ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify):*
     Civil Case Cover Sheet, Notice of Case Management Conference, blank Case Management
     Statement, ADR packet, Stipulation and Order to appropriate dispute resolution, Div. II Rules,
     CourtCall Instructions, blank Request for CourtCall Telephonic Appearance.

*(To be completed by recipient):*

Date this form is signed:

_____           ▶  _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]     **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**     Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>LexisNet LegalNet, Inc.<br>www.CaaForms.com

Feb. 13. 2008  2:20PM    ALLSTATE                          No. 8685   P. 9

# NOTICE OF CASE MANAGEMENT CONFERENCE

Valle

**ENDORSED FILED**
**SAN MATEO COUNTY**

JAN 17 2008

vs.

Allstate  By R. Montgomery
Clerk of the Superior Court
DEPUTY CLERK

Case No. **CIV 469846**

Date: **MAY 28 2008**

Time: 9:00 a.m.

Dept. 3 — on Tuesday & Thursday
Dept. 28 — on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 201.7).

    b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

    c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

    d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

    a. Referring parties to voluntary ADR and setting an ADR completion date;

    b. Dismissing or severing claims or parties;

    c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall LLC, an independent

1   CYNTHIA L. MELLEMA (State Bar No. 122798)
2   MEGAN L. DUNHAM (State Bar No. 245991)
    SONNENSCHEIN NATH & ROSENTHAL LLP
3   2121 N California Blvd., Suite 800
    Walnut Creek, CA 94596
    Telephone: (925) 949-2600
4   Facsimile: (925) 949-2610
    Email:     cmellema@sonnenschein.com
5              mdunham@sonnenschein.com

6   Attorneys for Defendant
    ALLSTATE INSURANCE COMPANY
7

ENDORSED FILED
SAN MATEO COUNTY

MAR 19 2008

Clerk of the Superior Court
By ___A. De Leon___
        DEPUTY CLERK

8               SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF SAN MATEO

10

11   KATTY VALLE, IVANIA RAMIREZ,          No. CIV469346
     JANET RAMIREZ and ZENEYDA
12   BALTODANO,                            DEFENDANT ALLSTATE INSURANCE
                                           COMPANY'S ANSWER TO
13            Plaintiffs,                   PLAINTIFFS' COMPLAINT

14       vs.

15   ALLSTATE INSURANCE COMPANY,                   **BY FAX**

16            Defendants.

17

18       Defendant Allstate Insurance Company ("Allstate") hereby answers the unverified

19   Complaint of Katty Valle, Ivania Ramirez, Janet Ramirez and Zeneyda Baltodano ("Plaintiffs")

20   as follows:

21                          **GENERAL DENIAL**

22       Pursuant to Code of Civil Procedure section 431.30(d), Allstate generally denies the

23   material allegations of Plaintiffs' Complaint, and each cause of action against Allstate contained

24   therein. Further, Allstate denies that Plaintiffs have suffered any damages as alleged in the

25   Complaint, or in any amount or at all, due to any act, error or omission of Allstate.

26   / / /

27   / / /

28   / / /

No. CIV469346                                    ALLSTATE INS. CO.'S ANSWER TO
                                                     PLAINTIFFS' COMPLAINT

## AFFIRMATIVE DEFENSES

(Applicable To All Causes of Action)

### First Defense

### (Failure to State a Cause of Action)

The Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Allstate.

### Second Defense

### (Waiver)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of waiver.

### Third Defense

### (Estoppel)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of estoppel.

### Fourth Defense

### (Laches)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of laches.

### Fifth Defense

### (Unclean Hands)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of unclean hands.

### Sixth Defense

### (Fault of Others)

Plaintiffs' damages, the fact and extent of which Allstate denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations or entities other than Allstate, for which Allstate is not

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

2

1  responsible.  Such intentional conduct, negligence or fault bars recovery against Allstate or

2  comparatively reduces the percentage of fault or negligence, if any, of Allstate.

### Seventh Defense

### (Active Fault of Plaintiffs)

5  The Complaint, and each and every purported cause of action in the Complaint, is barred

6  by the active fault of Plaintiffs and/or Plaintiffs' counsel.

### Eighth Defense

### (Comparative Fault)

9  The Complaint, and each and every purported cause of action in the Complaint, is barred

10  and/or Plaintiffs' recovery is reduced because Plaintiffs' alleged damages were the result of

11  Plaintiffs' comparative fault.

### Ninth Defense

### (No Causation)

14  Plaintiffs are not entitled to relief from Allstate because they have not sustained any

15  injury, damage or loss by reason of any conduct, act, error or omission on Allstate's part.

### Tenth Defense

### (Intervening Cause)

18  Plaintiffs' damages, the fact and extent of which Allstate denies, were proximately

19  caused by intervening, superseding and/or supervening acts for which Allstate has no liability.

### Eleventh Defense

### (Mitigation of Damages)

22  Plaintiffs' recovery against Allstate, if any, is barred and/or limited to the extent

23  plaintiffs have failed to mitigate, minimize or avoid any damages they have allegedly suffered.

### Twelfth Defense

### (Set-Off)

26  To the extent Allstate is liable to plaintiffs, if at all, Allstate is entitled to a set-off on

27  account of damages sustained by Allstate as a result of Plaintiffs' acts, conduct or omissions.

28

No. CIV469346

ALLSTATE INS. CO.'S ANSWER TO
PLAINTIFFS' COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

1

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

## **Thirteenth Defense**

### **(Speculative Nature of Damages)**

Plaintiffs are not entitled to judgment because their damages claims are speculative.

## **Fourteenth Defense**

### **(Election of Remedies)**

To the extent Plaintiffs have elected to pursue a certain remedy, they are barred from pursuing or recovering under any other remedy under the doctrine of election of remedies.

## **Fifteenth Defense**

### **(Privilege)**

Allstate's alleged acts, conduct and/or omissions were lawful, privileged and/or justified.

## **Sixteenth Defense**

### **(Accord and Satisfaction)**

The Complaint, and each and every purported cause of action therein, is barred by the doctrine of accord and satisfaction.

## **Seventeenth Defense**

### **(Ratification of Conduct)**

With full knowledge of all facts in any way connected with or relating to the matters alleged in the Complaint, Plaintiffs duly ratified, acquiesced and/or confirmed in all respects the conduct and/or omissions of Allstate alleged in the Complaint.

## **Eighteenth Defense**

### **(Assumption of Risk)**

Plaintiffs knew, or in the exercise of reasonable care should have known, the risks of the matters alleged in the Complaint. Plaintiffs knowingly and voluntarily assumed and accepted such risks, and any damages allegedly suffered by Plaintiffs were the proximate result of Plaintiffs' assumptions and acceptance of such risks.

/ / /

/ / /

/ / /

4

ALLSTATE INS. CO.'S ANSWER TO
PLAINTIFFS' COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

### Nineteenth Defense

### (No Coverage for Claimed Losses)

The Complaint, and each and every purported cause of action therein, is barred to the extent that it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a loss that is not covered by, or is excluded from, coverage under the terms, exclusions, conditions and limitations of the Policy.

### Twentieth Defense

### (Allstate's Compliance With Obligations)

Allstate fully performed all obligations, both express and implied, if any, owed to Plaintiffs under the Policy and applicable law.

### Twenty-First Defense

### (Policy Limits)

Plaintiffs' Policy is subject to certain deductibles and coverage limits. Even if the policy provided coverage for the alleged loss, that coverage would be subject to the Policy's deductibles and coverage limits.

### Twenty-Second Defense

### (Failure to Comply With Policy Terms)

The Complaint is barred to the extent the Plaintiffs have failed to perform all of their obligations under the Policy, including their duties to cooperate with Allstate in the processing of claims and to document and substantiate their claimed losses.

### Twenty-Third Defense

### (Statute of Limitations)

The Complaint is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure section 337(1), 337(2), 338(a), (b), (d) and/or (j), 339, 340, 340.6, 340.8 and 343, and Insurance Code sections 2070 and/or 2071.

/ / /

/ / /

/ / /

ALLSTATE INS. CO.'S ANSWER TO
PLAINTIFFS' COMPLAINT

1

**Twenty-Fourth Defense**

2

**(Non-Cooperation)**

3

The Complaint, and each and every purported cause of action therein, is barred by

4

plaintiffs, and/or plaintiffs counsel's failure to cooperate with Allstate.

5

**Twenty-Fifth Defense**

6

**(Arbitration Clause)**

7

The Policy states "If you and we disagree on your right to receive any damages or on the

8

amount of damages, then upon written request of either party, the disagreement will be settled

9

by a single neutral arbitrator." Plaintiffs have asserted their right to use an arbitrator.

10

Accordingly, Plaintiffs' claim for policy benefits is subject to arbitration under the Policy and/or

11

California Insurance Code Section 11580.2.

12

**Twenty-Sixth Defense**

13

**(Failure to Comply With Discovery During Arbitration)**

14

The Complaint is barred to the extent Plaintiffs have impeded the arbitration process by

15

refusing to participate in the discovery process (answer interrogatories, provide documents,

16

attend depositions) as required by California Insurance Code Section 11580.2 and under Title 4

17

of Part 4 of the California Code of Civil Procedure.

18

**Twenty-Seventh Defense**

19

**(Good Faith of Allstate)**

20

Allstate's conduct was at all times reasonable and in good faith, not tortious.

21

**Twenty-Eighth Defense**

22

**(Reasonableness of Allstate)**

23

Allstate's conduct was at all times reasonable and not tortious.

24

**Twenty-Ninth Defense**

25

**(Plaintiffs' Claim Raised Genuine Issues)**

26

Plaintiffs should take nothing pursuant to the Complaint because their claims to Allstate

27

raised genuine issues and/or disputes as to Allstate's duties, if any, under the Allstate

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

6

Automobile Policy at issue in the Complaint (the "Policy"), and Allstate's belief in the validity of these issues and/or disputes was reasonable.

### Thirtieth Defense

### (No Punitive or Non-Compensatory Damages)

The Complaint fails to state facts sufficient to entitle Plaintiffs to punitive damages.

### Thirty-First Defense

### (Unconstitutionality of Punitive Damages)

Plaintiffs' claim for punitive damages is barred because the California punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce, violates the contract clause, and violates the Eighth Amendment proscription against excessive fines pursuant to the United States and California Constitutions.

### Thirty-Second Defense

### (No Entitlement to Attorneys' Fees)

Plaintiffs are precluded from recovering attorneys' fees and costs from Allstate under applicable provisions of the law.

### Thirty-Third Defense

### (Stay of Plaintiffs Cause of Action for Bad Faith)

Plaintiffs cause of action for breach of the covenant of good faith and fair dealing should be stayed pending completion of the arbitration.

### Thirty-Fourth Defense

### (Right To Assert Additional Defenses)

WHEREFORE, Allstate prays for judgment as follows:

1.  That Plaintiffs take nothing by way of their Complaint;

2.  That the Complaint be dismissed with prejudice and judgment entered in favor of Allstate;

3.  That Allstate be awarded costs and attorneys' fees incurred in this action; and

4.  For such other and further relief as this Court deems just and proper.

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

7

1  Dated: March 19, 2008                    Respectfully submitted,

2                                           SONNENSCHEIN NATH & ROSENTHAL LLP

3

4                                           By _____
                                                      Cynthia L. Mellema
5

6                                           Attorneys for Defendant
                                            ALLSTATE INSURANCE COMPANY
7

8

9

10

11

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

No. CIV469346                                          ALLSTATE INS. CO.'S ANSWER TO
                                                         PLAINTIFFS' COMPLAINT

<u>PROOF OF SERVICE</u>

I, Gloria Courtney, hereby declare:

I am employed in the City of Walnut Creek, and in the County of Contra Costa, California, in the office of a member of the bar of this court, at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Sonnenschein, Nath & Rosenthal, LLP, 2121 North California Blvd., Suite 800, Walnut Creek, California 94596-7342.

On March 19, 2008, I caused to be served on the interested parties in this action the following document(s): **DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**, by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

| *Attorney for Plaintiffs:* | |
|---|---|
| Leandro H. Duran<br>Law Office of Leandro H. Duran<br>1035 Carleton Street<br>Berkeley, California 94710<br><br>Telephone: (510) 540-1046<br>Facsimile: (510) 540-1036 | |

☒   U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 19, 2008, at Walnut Creek, California.



Gloria Courtney