LEANDRO H. DURAN (State Bar. No. 121847)
LAW OFFICE OF LEANDRO H. DURAN
95 South Market Street, Suite 300
San Jose, CA 95113
Telephone: (510) 540-1046
Facsimile: (510) 540-1036
Email: leandroh@leandroduran.com

Attorney for Plaintiffs
KATTY VALLE, IVANIA RAMIREZ,
JANET RAMIREZ and ZENEYDA BALTODANO

CYNTHIA L. MELLEMA (State Bar No. 122798)
JEFFRY BUTLER (State Bar No. 180936)
MEGAN L. DUNHAM (State Bar No. 245991)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N California Blvd., Suite 800
Walnut Creek, CA 94596
Telephone: (925) 949-2600
Facsimile: (925) 949-2610
Email: cmellema@sonnenschein.com
jbutler@sonnenschein.com
mdunham@sonnenschein.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BOULEVARD, SUITE 800
WALNUT CREEK, CA 94596
(925) 949-2600

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATTY VALLE, IVANIA RAMIREZ, JANET RAMIREZ and ZENEYDA BALTODANO,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendants. | No. C 08 01533 CRB<br><br>STIPULATION TO STAY ACTION PENDING RESOLUTION OF ARBITRATION PROCEEDINGS ; ~~[PROPOSED]~~ ORDER |

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BOULEVARD, SUITE 800
WALNUT CREEK, CA 94596
(925) 949-2600

THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, STIPULATE AS FOLLOWS:

1. Allstate Insurance Company ("Allstate") issued an automobile policy to named insureds Rafael and Katty Valle, which was in effect on or about December 18, 2004 (the "Policy"). On or about December 18, 2004, plaintiffs Katty Valle, Ivania Ramirez, Janet Ramirez, and Zeneyda ("Plaintiffs") were involved in a car accident. Subsequently, Plaintiffs made a claim to Allstate under the underinsured motorist provision of the Policy.

2. Plaintiff Katty Valle's Allstate automobile policy contains the following provisions regarding arbitration of uninsured/underinsured motorist claims:

> **Part VI**
> **Uninsured Motorists Insurance Coverage**
> **Coverage SS**
> **We** will pay those damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of:
>
> 1. **bodily injury** sustained by an insured person, and property damage.
>
> 2. **Property damage** is covered only if a separate limit is shown on the Policy Declarations for Uninsured Motorists Insurance - Property Damage.
>
> . . . .
>
> The right to benefits and the amount payable will be decided by agreement between the insured person and **Allstate**. If an agreement can't be reached, the decision will be made by arbitration.
>
> **If We Cannot Agree**
>
> If **you** and **we** disagree on your right to receive any damages or on the amount, then upon the written request of either party, the disagreement will be settled by a single neutral arbitrator.

3. Plaintiffs filed a complaint in the above captioned matter against Allstate Insurance Company to compel arbitration and for breach of the covenant of good faith and fair dealing.

4. In federal court, the Federal Arbitration Act ("FAA") governs enforcement of agreements to arbitrate, the manner of conducting arbitrations, and standards for reviewing and enforcing arbitration awards. It mandates the enforcement of arbitration agreements arising out

of transactions involving interstate commerce, and provides in relevant part as follows:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 et seq. *See also Warren-Guthrie v. Health Net*, 84 Cal. App. 4th 804, 810-11 (2000), overruled on another point in *Cronus Investments, Inc. v. Concierge Services*, 35 Cal. 4th 376, 393, fn. 8 (2005) (an insurance policy is within the scope of the FAA as affecting interstate commerce).

5. As explained by the California Supreme Court, the "FAA, and section 2 in particular, 'was intended to reverse centuries of judicial hostility to arbitration agreements,' by placing arbitration agreements 'upon the same footing as other contracts.' Through the FAA, 'Congress precluded States from singling out arbitration provisions for suspect status . . . .'" *Broughton v. Cigna Healthplans of California*, 21 Cal.4th 1066, 1074 (1999); *see also Gilmore v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (the FAA's purpose is "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts").

6. Likewise, California Code of Civil Procedure Section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists . . . ." California courts have held that the language is mandatory, not precatory (*Coast Plaza Doctors Hosp. v. Blue Cross of California*, 83 Cal. App. 4th 677, 687 (2002), and that any "doubts concerning the scope of arbitable issues [should] be resolved in favor of arbitration." *Market Ins. Corp. v. Integrity Ins. Co.*, 188 Cal. App. 3d 1095, 1098 (1987).

7. The parties request this Court stay this action pending the conclusion of arbitration. The FAA directs District Courts to stay proceedings pending conclusion of arbitration:

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BOULEVARD, SUITE 800
WALNUT CREEK, CA 94596
(925) 949-2600

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C § 3 (emphasis added); *see also* 9 U.S.C. § 4.

8. A stay is necessary to avoid duplicative proceedings. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("It would waste judicial resources and be burdensome upon the parties if the district court in a case such as this were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially parallel process.").

9. The parties request this Court vacate all currently schedules dates, pending the completion of arbitration.

10. The parties will contact the court within two weeks of the arbitration award and request this Court schedule a case management conference.

Dated: June 20, 2008

Respectfully Submitted,

LAW OFFICE OF LEANDRO H. DURAN

By_______*/s/ LEANDRO H. DURAN*______
LEANDRO H. DURAN

Attorneys for Plaintiffs
KATTY VALLE, IVANIA RAMIREZ, JANET RAMIREZ, and ZENEYDA BALTODANO

Dated: June 20, 2008

SONNENSCHEIN NATH & ROSENTHAL LLP

By_______*/s/ CYNTHIA L. MELLEMA* ____
CYNTHIA L. MELLEMA

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BOULEVARD, SUITE 800
WALNUT CREEK, CA 94596
(925) 949-2600

**~~PROPOSED~~ ORDER**

IT IS HEREBY ORDERED that:

1. All proceedings in the above-captioned matter are stayed pending arbitration pursuant to the Policy.

2. All dates, including discovery cut-offs, trial and motion filing deadlines, are vacated.

3. The parties shall contact this Court within two weeks following the arbitration award to request a case management conference.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: June 23, 2008




Hon. Charles R. Breyer

27298912\V-3

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BOULEVARD, SUITE 800
WALNUT CREEK, CA 94596
(925) 949-2600